Arnold E. Miller was accused of violating R.C. 4511.21. A person can violate R.C. 4511.21 in three ways, two of which pertain here. The deputy who cited Mr. Miller checked the box on the ticket which is marked "unreasonable for conditions" and also wrote in "over limit." The deputy indicated that Mr. Miller was going sixty miles per hour in a forty-five miles per hour zone.
R.C. 4511.21(D) reads in pertinent part:
 (D) No person shall operate a motor vehicle, trackless trolley, or streetcar upon a street or highway as follows:
 (1) At a speed exceeding fifty-five miles per hour, except upon a freeway * * *.
The testimony presented at trial would support a finding that Mr. Miller was going in excess of fifty-five miles per hour on a roadway which was not a freeway, whether the results from the K-55 radar were admitted or not.
R.C. 4511.21(A) reads, in part:
 No person shall operate a motor vehicle * * * at a speed greater or less than is reasonable or proper having due regard to the traffic, surface, and width of the street or highway and any other conditions * * *.
Mr. Miller's driving at a speed fifteen miles per hour over the posted limit, given the traffic conditions, was not reasonable or proper.
I write separately to clarify that Mr. Miller is not guilty of violating R.C. 4511.21 merely because he operated a motor vehicle at a speed in excess of the posted limit. He is guilty because he operated a motor vehicle at a speed greater than fifty-five miles per hour on a roadway which is not a freeway and at a speed which was not reasonable for the conditions.
The municipal court judge who made the guilty finding was fully cognizant of the requirements of the statute and made appropriate findings. I, therefore, concur in affirming the trial court's judgment.